IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY E. BELL,

                          Petitioner,

     v.                                                               CASE NO. 20-3199-JWL

SAM CLINE,

                          Respondent.

## MEMORANDUM AND ORDER

      This matter began on July 24, 2020, when Petitioner and Kansas prisoner Gregory E. Bell filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) On August 6, 2020, Petitioner filed an amended petition and in November 2020, the Court ordered Respondent to show cause why the writ should not be granted. (Docs. 3 and 4.) In February 2021, however, before Respondent's answer was due, the Court granted Petitioner's motion to stay this matter and hold it in abeyance pending resolution of related state-court proceedings. (Doc. 8.) It appears from the online records of the Kansas Appellate Courts that the state-court proceedings are now complete. Thus, the Court will direct Petitioner to file a status report containing certain information that will assist the Court in determining how this matter will proceed.

**Background**

      In October 2008, a jury in Sedgwick County, Kansas convicted Petitioner of voluntary manslaughter, attempted voluntary manslaughter, aggravated battery, and criminal possession of a firearm. (Doc. 3, p. 1.) In December of that year, the Sedgwick County District Court sentenced him to 274 months in prison. *Id.* Petitioner appealed, but the Kansas Court of Appeals (KCOA) affirmed the convictions and the Kansas Supreme Court (KSC) denied Petitioner's petition for

review on February 17, 2012. *Id.* at 2; *see also Kansas v. Bell*, 2011 WL 3444200, *1 (Kan. Ct. App. 2011) (unpublished) (*Bell I*), *rev. denied* Feb. 17, 2012.

On March 21, 2012, Petitioner filed in state court a motion for habeas corpus relief under K.S.A. 60-1507. (Doc. 3, p. 3.) The district court denied relief and Petitioner appealed. *Id.* Although the KCOA affirmed the denial in part, it also reversed in part and remanded the case for further proceedings. *Id.*; *see also Bell v. Kansas*, 2015 WL 6832758, *1 (Kan. Ct. App. 2015) (unpublished) (*Bell II*). On remand, the district court held an evidentiary hearing and again denied relief. *Bell v. Kansas*, 2019 WL 1976954, *1 (Kan. Ct. App. 2019) (unpublished) (*Bell III*). Petitioner appealed, and in May 2019, the KCOA affirmed the denial. *Id.* at *7. The KSC denied Petitioner's petition for review on May 31, 2019.

Petitioner then filed his 28 U.S.C. § 2254 petition with this Court, seeking federal habeas relief. On August 6, 2020, he filed the currently operative amended petition. (Doc. 3.) To his credit, he candidly admitted that it was a mixed petition, containing both exhausted and unexhausted claims. (Doc. 7.) Thus, he moved this Court to stay this matter and hold it in abeyance while he pursued a second K.S.A. 60-1507 action in state court that included the arguments raised in Grounds Six, Seven, Eight, and Nine of the § 2254 petition. *Id.* at 1. The Court granted the motion and this matter has been stayed since February 2, 2021. (Doc. 8.)

Petitioner filed status reports as directed, with the most recent being filed on March 31, 2022. (Doc. 12.) In August 2022, this matter was reassigned to the undersigned, who has not ordered a status report but has been tracking the progress of Petitioner's case as it has made its way through the state courts. In December 2022, the KCOA affirmed the district court's denial of the second 60-1507 motion. *See Bell v. Kansas*, 2022 WL 17882344, *1 (Kan. Ct. App. 2022) (unpublished) (*Bell IV*), *rev. denied* June 27, 2023. According to the public records available on

the website of the Clerk of the Kansas Appellate Courts, the KSC denied Petitioner's petition for review on June 27, 2023. *See* case information for *Bell v. Kansas*, Case No. 124,447, available at https://pittsreporting.kscourts.org/Appellate/CaseDetails?caseNumber=124447, last checked on June 29, 2023. Thus, it appears that Petitioner's state-court proceedings may be final.

Petitioner is therefore directed to file with this Court, on or before August 4, 2023, a written status report advising the Court whether he agrees that the state-court matter is final and the stay of this federal case may be lifted. Petitioner should also advise the Court whether he believes all of the grounds for relief in the currently operative amended petition are now exhausted. After the Court receives Petitioner's status report, it will review it and the amended petition to determine whether the stay should be lifted and whether further briefing on exhaustion is required. The Court will then issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including August 4, 2023 to file a written status report including the information identified in this order.

**IT IS SO ORDERED.**

DATED:   This 29th day of June, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge

3