IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY E. BELL,

                              **Petitioner,**

      v.                                                                           CASE NO. 20-3199-JWL

SAM CLINE,

                              **Respondent.**

## MEMORANDUM AND ORDER

This matter began on July 24, 2020, when Petitioner and Kansas prisoner Gregory E. Bell filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) On August 6, 2020, Petitioner filed an amended petition and in November 2020, the Court ordered Respondent to show cause why the writ should not be granted. (Docs. 3 and 4.) In February 2021, however, before Respondent's answer was due, the Court granted Petitioner's motion to stay this matter and hold it in abeyance pending resolution of related state-court proceedings. (Doc. 8.) The matter comes now before the Court on Petitioner's status report. (Doc. 16.) Therein, Petitioner agrees that the Court should lift the stay of this matter and he also requests leave to amend his petition.

A § 2254 petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15(a)(1) provides:

> A party may amend its pleading once as a matter of course no later than:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

F. R. Civ. P. 15(a)(1)

In this case, Petitioner has already amended his pleading as a matter of course. (Doc. 3.) In

situations such as this, where Rule 15(a)(1) does not apply, Rule 15(a)(2) establishes that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." F. R. Civ. P. 15(a)(2). Local Rule 15.1 sets forth the requirements for a motion to amend. Among other things, it requires the party seeking leave to amend a pleading to "attach the proposed pleading" to the motion to amend. D. Kan. Rule 15.1(a)(2). At this point, Petitioner has neither filed a formal motion to amend nor has he submitted a proposed second amended petition.

The Court will lift the stay in this matter and allow Petitioner 30 days in which to file a motion for leave to amend his petition, to which he must attach his proposed second amended petition. If Petitioner fails to timely file the motion with an attached proposed second amended petition, the Court will direct Respondent to file an answer to the currently operative amended petition (Doc. 3), which was filed in August 2020.

The Court further cautions Petitioner that any proposed second amended petition must be on court-approved forms and it must be complete in and of itself. To be clear, a proposed second amended petition may not refer back to any earlier version of the petition and may not attempt to incorporate by reference any earlier filings with this Court. If Petitioner files a motion to amend his petition and the Court grants the motion, the proposed second amended petition will be filed and any grounds for relief not included in the proposed second amended petition will not be before the Court. Petitioner must include the case number of this action (20-3199) on the first page of any proposed second amended petition he submits.

Finally, in the event that Petitioner wishes to add new claims to his petition, he should be aware that any new claims will be subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). That

limitation period is not tolled while a federal habeas action is pending, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), so it is likely that any new claim asserted at this point will be untimely.

As the Tenth Circuit has explained:

> A proposed claim asserted outside the limitations period is generally time-barred. But an amendment "relates back to the date of the original pleading" when "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." A court therefore should not grant a habeas applicant leave to amend to assert new claims outside AEDPA's limitations period unless there exists "a common core of operative facts uniting the original and newly asserted claims."

*Pacheco v. Habti*, 62 F.4th 1233, 1240 (10th Cir. 2023) (citations omitted). Thus, Petitioner should ensure that any new claim he wishes to raise in this action is timely brought.

**IT IS THEREFORE ORDERED** that the stay of this matter is lifted. Petitioner is granted to and including August 14, 2023 to file a motion to amend his petition. The Clerk is directed to send Petitioner the appropriate form. If Petitioner is granted leave to amend his petition, the Court will screen the second amended petition and issue further orders as necessary. If Petitioner does not timely move to amend his petition, the Court will enter an order setting a deadline for Respondent to file his answer.

**IT IS SO ORDERED.**

DATED:   This 14th day of July, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge