IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY E. BELL,

                    **Petitioner,**

     v.                                                                               CASE NO. 20-3199-JWL

TOMMY WILLIAMS[1],

                      **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

In October 2008, a jury in Sedgwick County, Kansas convicted Petitioner Gregory E. Bell of voluntary manslaughter, attempted voluntary manslaughter, aggravated battery, and criminal possession of a firearm, and the state trial court later sentenced him to 274 months in prison. After his attempts at relief in state court were unsuccessful, Petitioner filed his pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 24, 2020, thereby initiating this matter, and he filed an amended petition on August 6, 2020. (Docs. 1 and 2.) In November 2020, the Court ordered Respondent to show cause why the writ should not be granted. (Doc. 4.) Before the deadline for filing the answer, however, Petitioner moved to stay this matter pending completion of related proceedings in state court; this Court granted the motion. (Docs. 7 and 8.) This matter remained stayed until July 14, 2023, at which point Petitioner moved for and was granted time to move for leave to file a second amended petition. (Docs. 16 and 17.) The matter comes now before the Court on Petitioner's motion for leave to file a second amended petition. (Doc. 22.)

---

[1] As Petitioner notes in his motion, the current warden of El Dorado Correctional Facility, where Petitioner is confined, is Tommy Williams. Tommy Williams is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

The Court has examined the proposed second amended petition as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. Rule 4 requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate; it will not construct arguments for him, nor will it search the record. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the proposed second amended petition, Petitioner asserts four grounds for relief. Ground One alleges the ineffective assistance of trial counsel, contending that trial counsel failed to investigate and present at trial certain evidence that would have supported the theory of the defense. (Doc. 22-1, p. 5, 14-25.)[2] Ground Two alleges the violation of Petitioner's constitutional right to counsel and his right to be present at all critical stages of the proceedings, based on the trial judge's decision—outside the presence of Petitioner or his attorney—to ask the deliberating jury to narrow a request for testimony readback. *Id.* at 6-9. Ground Three alleges the ineffective assistance of counsel during Petitioner's direct appeal, based on the failure to designate a complete record, which led to the denial of certain asserted grounds for relief. *Id.* at 11. Ground Four alleges the ineffective assistance of counsel during post-conviction proceedings when Petitioner sought state habeas relief under K.S.A. 60-1507. *Id.* at 12.[3]

---

[2] In the portion of the form petition for setting forth the supporting facts for Ground One, Petitioner wrote "See additional pages . . . inserted a[t] 6.1 – 6.4." (Doc. 22-1, p. 5.) No such pages were submitted to this Court, but inserted pages labeled 11.1 through 11.14 appear to set forth the supporting facts and argument related to Ground One. *See id.* at 14-25. Thus, the Court has liberally construed Ground One based on the belief that inserted pages 11.1 through 11.14 contain the supporting facts and argument for Ground One. If this understanding of Ground One is incorrect, Petitioner should so inform the Court in his response to this order.

[3] In the portion of the form petition for setting forth the supporting facts for Ground Four, Petitioner wrote "See additional [p]ages inserted at Pg. 11.1." (Doc. 22-1, p. 12.) As noted in the previous footnote, those pages appear related to Ground One. The Court need not resolve this confusion, however, because, "[t]he ineffectiveness or

2

**Analysis**

First, Ground Four is subject to dismissal because even liberally construed, it fails to state a ground on which federal habeas relief can be granted. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Because Ground Four asserts only the ineffectiveness of counsel during Petitioner's collateral post-conviction proceeding in state court seeking relief under K.S.A. 60-1507, it fails to state a ground for relief in this § 2254 action. Thus, Petitioner will be directed to show cause why Ground Four of this action should not be dismissed.

Second, "'[a] threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (citation omitted). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). In Kansas, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in his current federal petition to the KCOA and been denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

Petitioner asserts that he exhausted his state-court remedies on all of the grounds for relief

---

incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." *See* 28 U.S.C. § 2254(i).

contained in his proposed second amended petition. (Doc. 22-1, p. 5-6, 10-13.) This Court's review of the related state-court opinions reveals that Ground Three[4] does not appear fully exhausted. Petitioner asserts that Ground Three—ineffective assistance of counsel during his direct appeal—was fully exhausted during his first K.S.A. 60-1507 proceedings. (Doc. 22-1, p. 11-12.) But the Kansas Court of Appeals (KCOA) described the issues before it in the appeal from the denial of the 60-1507 motion as follows:

> On appeal, Bell raises four claims of ineffective assistance of trial counsel: (1) whether trial counsel failed to investigate and review the video tape fully with him; (2) whether trial counsel failed to interview and subpoena several witnesses who could have testified in his defense; (3) whether trial counsel failed to move to suppress Maurice Peters' eyewitness identification; and (4) whether trial counsel failed to fully investigate and utilize ballistics evidence introduced at trial. The remaining claims that he raised below but failed to brief-such as prosecutorial misconduct and ineffective assistance of appellate counsel-are deemed to be waived and abandoned. See *State v. Boleyn,* 297 Kan. 610, 633, 303 P.3d 680 (2013).

*Bell v. State*, 2015 WL 6832758, *2 (Kan. Ct. App. Nov. 6, 2015) (unpublished).

This language reflects that the KCOA disposed of Petitioner's claims regarding ineffective assistance of direct-appeal counsel not on their merits but because they were insufficiently briefed. "When a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them." *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012). In this context, courts have long recognized that "[f]ailure to brief is an independent and adequate state ground." *Roeder v. Schnurr*, 2022 WL 17665073, *4 (10th Cir. Dec. 14, 2022) (unpublished); *see also Hadley v. Bruce*, 2006 WL 1675573, *5 (D. Kan. June 13, 2006) (unpublished) (finding

---

[4] The Court also notes that it appears at least portions of Ground One may be procedurally defaulted. For purposes of this preliminary Rule 4 screening and on the limited records now available to the Court, however, the procedural default is not clear enough for the Court to consider dismissal of Ground One. Petitioner is advised, however, that Respondent may assert procedural default in his answer to Ground One, at which point Petitioner may be required to address the issue as well.

a claim procedurally defaulted when it was deemed waived and abandoned in state court based on a failure to brief).

The procedural default doctrine is important because the purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Thus, when "the claim has been presented [in the state court] for the first and only time in a procedural context in which its merits will not be considered," a federal habeas court will not consider the claim, "unless there are special and important reasons therefor." *Castille*, 489 U.S. at 351.

In other words, if a state prisoner defaults a federal claim in state court by failing to follow an independent and adequate state rule of procedure, "federal habeas review of the claim[] is barred unless the prisoner can [(1)] demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or [(2)] demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

To demonstrate cause for the procedural default, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule requiring adequate briefing of issues on appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). The United States Supreme Court has explained that in order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution.

Applied to this case, for ineffective assistance of K.S.A. 60-1507 counsel—based on the failure to adequately brief the ineffective assistance of direct-appeal counsel—to be adequate to establish cause for the procedural default, K.S.A. 60-1507 counsel's ineffectiveness must have been raised to the state courts as an independent federal constitutional claim. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). But, as explained above, ineffective assistance of K.S.A. 60-1507 counsel is not a federal constitutional violation. And, in any event, although Petitioner raised ineffective assistance of his first K.S.A. 60-1507 counsel in his second, more recent K.S.A. 60-1507 motion, the second 60-1507 motion was denied as successive and the KCOA affirmed the denial. *See Bell v. State*, 2022 WL 17882344, * (Kan. Ct. App. Dec. 23, 2022) (unpublished), *rev. denied* June 27, 2023. Thus, Petitioner has procedurally defaulted his claim that his first 60-1507 counsel was ineffective and may not use that ineffective assistance as cause for the procedural default of his claim that direct-appeal counsel was also ineffective.

Nonetheless, Petitioner will be given the opportunity to show cause for the procedural default of his claim of ineffective assistance of direct-appeal counsel. As a reminder, if he presents sufficient cause, he also must show "actual prejudice as a result of the alleged violation of federal law"—the alleged violation of federal law being the ineffective assistance of direct-appeal counsel. *See Coleman*, 501 U.S. at 750.

Finally, in addition to showing cause and prejudice, Petitioner also may overcome the general bar on this Court considering procedurally defaulted claims if he can show that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. To proceed under this exception, Petitioner "must make a colorable showing of factual innocence." *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). "This exception to the general rule barring consideration of defaulted claims is a markedly narrow one, implicated only in extraordinary cases

where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and internal quotation marks omitted). A petitioner seeking relief under a defaulted claim and asserting a claim of innocence must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Even liberally construing Petitioner's current filings, he has not shown the cause and prejudice required for the Court to consider the merits of his procedurally defaulted arguments, nor has he shown that a fundamental miscarriage of justice will occur if the Court declines to address the merits of the arguments he makes in Ground Three of his federal habeas petition. The Court will grant Petitioner the opportunity, however, to show cause, in writing, why this Court should consider the merits of the arguments made in Ground Three despite it being procedurally defaulted.

**Conclusion**

In summary, the motion for leave to file the proposed second amended petition will be granted. The required Rule 4 review of the second amended petition reveals, however, that even liberally construing the second amended petition, Ground Three appears procedurally defaulted and Ground Four fails to state a claim on which habeas relief could be granted. The Court will allow Petitioner the opportunity to show cause why Grounds Three and Four should not be summarily denied for these reasons.

**IT IS THEREFORE ORDERED** that Tommy Williams, Warden of El Dorado Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that the motion for leave to file a second amended petition (Doc. 22), is **granted.** The proposed second amended petition, located at Doc. 22-1, shall be filed as the second amended petition in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including October 16, 2023, in which to show cause, in writing, why the Court should consider the merits of Ground Three despite Petitioner's procedural default of the arguments therein and why the Court should consider the merits of Ground Four despite its failure to state a claim on which federal habeas relief may be granted.

**IT IS SO ORDERED.**

DATED:   This 15th day of September, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
United States District Judge