IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY E. BELL,

                            Petitioner,

        v.                                                                       CASE NO. 20-3199-JWL

TOMMY WILLIAMS,

                            Respondent.

**MEMORANDUM AND ORDER**

In October 2008, a jury in Sedgwick County, Kansas convicted Petitioner Gregory E. Bell of voluntary manslaughter, attempted voluntary manslaughter, aggravated battery, and criminal possession of a firearm, and the state trial court later sentenced him to 274 months in prison. After his attempts at relief in state court were unsuccessful, Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 24, 2020, and he filed an amended petition on August 6, 2020. (Docs. 1 and 2.) In November 2020, the Court ordered Respondent to show cause why the writ should not be granted. (Doc. 4.) Before the deadline for filing the answer, however, Petitioner moved for and was granted a stay of this matter pending completion of related proceedings in state court. (Docs. 7 and 8.) The stay was lifted on July 14, 2023, when Petitioner moved for and was granted time to file a second amended petition. (Docs. 16 and 17.) The matter comes now before the Court on Petitioner's motion for leave to file a second amended petition.[1] (Doc. 27.) The motion will be granted.

---

[1] Although the motion is titled "Motion for Leave to File *Third* Amended 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus," the petition discussed therein will be Petitioner's *second* amended petition in this matter since the previously filed second amended petition was stricken from the record at Petitioner's request. (*See* Doc. 26 (emphasis added).)

1

The Court has examined the proposed second amended petition, hereinafter referred to as the second amended petition, as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. Rule 4 requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate; it will not construct arguments for him, nor will it search the record. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the second amended petition, Petitioner asserts six grounds for relief. Ground One alleges the ineffective assistance of trial counsel, contending that trial counsel failed to investigate and present at trial exculpatory evidence that would have supported the theory of the defense. (Doc. 27-1, p. 5, 56-59.) Ground Two alleges the violation of Petitioner's constitutional right to counsel and his right to be present at all critical stages of the proceedings, based on the trial judge's decision—outside the presence of Petitioner or his attorney—to ask the deliberating jury to narrow a request for testimony readback. *Id.* at 6, 60-65.

Ground Three alleges the ineffective assistance of counsel during Petitioner's direct appeal, based on the failure to designate a complete record, which led to the denial of certain asserted grounds for relief. *Id.* at 8, 11. Grounds Four and Five allege the ineffective assistance of counsel by two attorneys who represented Petitioner during post-conviction proceedings under K.S.A. 60-1507. *Id.* at 9, 11, 13. Ground Six asserts that cumulative error denied Petitioner a fair trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution. *Id.* at 11-12. As relief, Petitioner asks the Court to issue a writ of habeas corpus, vacate his state-court

convictions and sentences, and award any other relief as justice requires. *Id.* at 17.

Grounds Four and Five are subject to dismissal because they fail as a matter of law to state a ground on which federal habeas relief can be granted. By statute, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Because Grounds Four and Five assert only the ineffectiveness of counsel during Petitioner's collateral post-conviction proceeding in state court under K.S.A. 60-1507, they fail to state a ground on which relief could be granted in this § 2254 action. Thus, Grounds Four and Five of the second amended petition will be dismissed under Rule 4.

With respect to Grounds One, Two, Three, and Six of the second amended petition, however, the Court has conducted and completed the initial review of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and
2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in his petition.

**IT IS THEREFORE ORDERED** that the motion for leave to file a second amended petition (Doc. 27) is **granted.** The proposed second amended petition, located at Doc. 27-1, shall be filed as the second amended petition in this matter.

**IT IS FURTHER ORDERED** that Grounds Four and Five of the second amended petition are **dismissed** for failure to state a claim on which federal habeas relief can be granted.

**IT IS FURTHER ORDERED:**

1. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before October 30, 2023 showing why the writ should not be granted based on the arguments in Grounds One, Two, Three, and Six of the second amended petition and attachments thereto.

2. That the answer should present:

   a. The necessity for an evidentiary hearing on the Grounds One, Two, Three, and Six as alleged in Petitioner's pleading;

   b. Whether any argument in Grounds One, Two, Three, and Six of the second amended petition is barred by a statute of limitations or any other procedural bar; and

   c. An analysis of the asserted grounds for relief in Grounds One, Two, Three, and Six and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

3. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

4. That Petitioner be granted to and including November 30, 2023 to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

5. That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 28th day of September, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum<br>JOHN W. LUNGSTRUM<br>United States District Judge