IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY E. BELL,

                                  **Petitioner,**

        v.                                                     **CASE NO. 20-3199-JWL**

TOMMY WILLIAMS,

                                  **Respondent.**

**MEMORANDUM AND ORDER**

        This pro se federal habeas matter began in July 2020, when Petitioner and state prisoner Gregory E. Bell filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In November 2020, the Court ordered Respondent to show cause why the writ should not be granted. (Doc. 4.) Before the deadline for filing the answer, however, Petitioner moved for and was granted a stay of this matter pending completion of related proceedings in state court. (Docs. 7 and 8.) The stay was lifted on July 14, 2023, and Petitioner filed the operative second amended petition in September 2023. (Docs. 17, 28, and 29.)

        The Court ordered Respondent to file an answer on or before October 30, 2023 showing why the writ should not be granted based on the arguments in Grounds One, Two, Three, and Six of the second amended petition. (Doc. 28.) The Court also ordered Respondent to forward to this Court "the records and transcripts, if available, of the criminal proceedings complained of by Petitioner" as well as "the records, or copies thereof, of the [direct] appeal proceedings and any subsequent postconviction proceedings." *Id.* at 4. Respondent sought and obtained an extension of time and timely filed his answer on December 27, 2023. (Doc. 34.)

        The same day, Respondent filed the state court records. (Docs. 35 and 36.) In the answer,

1

Respondent stated:

> Respondent has submitted to this Court the state court records provided by the District Court of Sedgwick County, Kansas, in Petitioner's criminal case, Case NO. 08-CR-824, as well as his K.S.A. 60-1507 cases, Case No. 12-CV-1330 and Case No. 20CV1803. Also provided are the briefs by the State and Petitioner, as well as the opinions of the Kansas Court of Appeals in Petitioner's state appeals.
>
> Not included in the record are 20CV1803 Record Volume 5 and 6 which are also 12CV1330 Record Volumes 23 and 24. These are the preliminary hearing transcripts from the original criminal action, and are unavailable at this time. Also not included is 20CV1803 Record Volume 29 which includes State's Exhibit #1 – Map, State's Exhibit #28 Sealed Envelope, and State's Exhibit #30 A & B –Discs. The State has contacted the Kansas Court of Appeals to retrieve the exhibits. However, with the court's computer system currently down, we have been unable to retrieve these exhibits at this time.

(Doc. 34, p. 7-8.)

Having reviewed the operative petition, the Court concludes that the state court records that were unavailable in December 2023 are relevant to the issues presented in this federal habeas matter, especially the discs of surveillance camera footage. And although these items may have been unavailable in December due to problems with the state court's computer system, they may have become available since that time.

Thus, the Court directs Respondent to either (1) obtain and submit to this Court the previously unavailable state court records described in his answer (*see* Doc. 34, p. 7-8), or (2) provide, in writing, additional information on the availability of the exhibits contained therein. If Respondent files a status report on the availability of the items in question, he should include what attempts have been made to obtain the state court records, when those attempts occurred, the current availability of the records, an estimated timeframe in which Respondent will submit the records to this Court, and any other relevant information. If Respondent now is able to supplement the state court records with the exhibit, he is granted leave to file them conventionally without the usually required motion to do so. In other words, Respondent need not move separately for leave

to file conventionally in this matter.

**IT IS THEREFORE ORDERED** that Respondent is granted to and including April 11, 2024, in which to either (1) supplement the state court records with the previously unavailable materials or (2) submit, in writing, additional information regarding the availability of those records. To the extent that the state records are not available in electronic format, the Court grants leave for Respondent to file them conventionally without first filing the usually required motion for leave to file exhibits conventionally.

**IT IS SO ORDERED.**

DATED:   This 28th day of March, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
