IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY E. BELL,                          )
                                          )
                    Petitioner,           )
                                          )
          v.                              )          Case No. 20-3199-JWL
                                          )
TOMMY WILLIAMS,                           )
                                          )
                    Respondent.           )
                                          )
_____)

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2254, by which he challenges his state-court convictions. For the reasons set forth below, the Court **denies** the petition.

### I.       Procedural Background

In 2008, after a jury trial in Kansas state court, petitioner was found guilty on charges of voluntary manslaughter of one victim, attempted voluntary manslaughter and aggravated battery of another victim, and criminal possession of a firearm. The convictions stemmed from shootings outside a nightclub in February 2008. Petitioner was sentenced to a term of imprisonment of 274 months. On direct appeal, the Kansas Court of Appeals (KCOA) affirmed the convictions, and the Kansas Supreme Court denied review of that opinion. *See State v. Bell (Bell I)*, 2011 WL 3444200 (Kan. Ct. App. Aug. 5, 2011) (unpub. op.), *rev. denied* (Kan. Sup. Ct. Feb. 17, 2012).

Petitioner then filed a motion in the state district court for postconviction relief under K.S.A. § 60-1507, but the court denied the motion without holding an evidentiary hearing. On appeal from that denial, the KCOA affirmed with respect to many of petitioner's claims, but it reversed with respect to a claim of ineffective assistance of trial counsel in which petitioner contended that counsel should have called as witnesses his two sisters and his cousin. *See Bell v. State (Bell II)*, 2015 WL 6832758 (Kan. Ct. App. Nov. 6, 2015) (unpub. op.). On remand, the state district court conducted an evidentiary hearing on that limited issue, and it again denied the claim. The KCOA then affirmed that ruling, and the Kansas Supreme Court denied review. *See Bell v. State (Bell III)*, 2019 WL 1976954 (Kan. Ct. App. May 3, 2019), *rev. denied* (Kan. Sup. Ct. Dec. 31, 2019).

On July 24, 2020, petitioner initiated the present action in this Court by filing a habeas petition challenging his state-court convictions. In February 2021, however, the Court granted petitioner's motion for a stay of the case to allow petitioner to pursue unexhausted habeas claims in the state court. Petitioner proceeded to file in the state district court a second motion for postconviction relief pursuant to K.S.A. § 60-1507, but the court denied the motion. The KCOA affirmed that denial, and the Kansas Supreme Court denied review. *See Bell v. State (Bell IV)*, 2022 WL 17882344 (Kan. Ct. App. Dec. 23, 2022) (unpub. op.), *rev. denied* (Kan. Sup. Ct. June 27, 2023).

After this Court lifted the stay of this case, petitioner sought leave to file a second amended habeas petition. By his proposed petition, petitioner asserted six claims: (1) ineffective assistance of trial counsel; (2) violations of his right to counsel and right to be present with respect to the trial judge's response to the jury's request for readbacks of

2

testimony; (3) ineffective assistance of appellate counsel on direct appeal; (4) ineffective assistance of counsel who litigated petitioner's first Section 1507 motion in the state district court; (5) ineffective assistance of appellate counsel who litigated petitioner's appeal from the denial of that Section 1507 motion; and (6) cumulative trial error.  By Memorandum and Order of September 28, 2023, the Court allowed petitioner to amend to assert four of the claims, but it dismissed Claim Four and Claim Five for failure to state a cognizable claim.  *See Bell v. Williams*, 2023 WL 6312542 (D. Kan. Sept. 28, 2023) (Lungstrum, J.) (citing 28 U.S.C. § 2254(i)); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").  The Court ordered respondent to show cause why the petition should not be granted with respect to Claims One, Two, Three, and Six; respondent filed an answer to those claims asserted in the petition; and after receiving six separate extensions of time, petitioner filed a traverse in support of the petition.  The matter is therefore ripe for review.

## II.     <u>Governing Standards</u>

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides for consideration of a prisoner's writ of habeas corpus on the ground that "he is in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).  The petitioner must exhaust state court remedies.  *See id.* § 2254(b), (c).  Relief shall not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to,

or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See id.* § 2254(d).  The standard is very strict, as explained by the Tenth Circuit:

> The KCOA [Kansas Court of Appeals] rejected this clam on the merits.  Our review is therefore governed by the AEDPA, which erects a formidable barrier to federal habeas relief and requires federal courts to give significant deference to state court decisions on the merits.
>
> . . .
>
> Clearly established law is determined by the United States Supreme Court, and refers to the Court's holdings, as opposed to the dicta.  A state court decision is "contrary to" the Supreme Court's clearly established precedent if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.
>
> A state court decision is an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.  Evaluating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule – like the one adopted in *Strickland* – the more leeway state courts have in reaching outcomes in case-by-case determinations.  An *unreasonable* application of federal law is therefore different from an *incorrect* application of federal law.
>
> We may issue the writ only when the petitioner shows there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents.  Thus, even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.  If this standard is difficult to meet – and it is – that is because it was meant to be.  Indeed, AEDPA stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  Accordingly, we will not likely conclude that a State's criminal justice

system has experienced the extreme malfunction for which federal habeas relief is the remedy.

*See Frost v. Pryor*, 749 F.3d 1212, 1222-24 (10th Cir. 2014) (internal quotations and citations and footnote omitted).

In this case, the petition includes claims that petitioner's representation by various attorneys was constitutionally deficient.  Petitioner's claims of ineffective assistance of counsel are governed by the deferential two-pronged standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under that standard, "[t]o establish ineffective assistance of counsel, [a] [d]efendant must show 'that counsel's representation fell below an objective standard of reasonableness' and that he was prejudiced by the deficient performance."  *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *Strickland*, 466 U.S. at 687-88, 692).  The test for establishing prejudice is as follows:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*See Strickland*, 466 U.S. at 694.

> Surmounting *Strickland*'s high bar is never an easy task.  An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve.  Even under *de novo* review, the standard for judging counsel's representation is a most deferential one.  Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.  It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence.  The question is whether an

5

> attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.

*See Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotations and citations omitted).

The Court's review under the AEDPA of a state court's application of *Strickland* is even more deferential:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*See id.* (internal quotations and citations omitted).

This Court ordinarily may not afford habeas review to claims that have not been presented and exhausted in the state courts. Habeas review of a federal claim is not available if the state courts' decision rested on a state-law ground that is independent of the federal question and adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Thus, a federal habeas claim is barred if the state court rejected the claim because the petitioner failed to meet a state procedural requirement. *See id.* at 729-30. Similarly, habeas review is barred if the claim was not presented to the state court and that court would now find the claim to be procedurally barred. *See id.* at 735 n.1. In Kansas

state courts, issues not briefed and argued on appeal are deemed to have been abandoned. *See State v. Edwards*, 260 Kan. 95, 98 (1996).

In a case of procedural default on state-law procedural grounds, federal habeas review is barred unless the petitioner can satisfy one of two exceptions: either the petitioner must demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law;" or he or she must demonstrate that "failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman*, 501 U.S. at 750. To show cause for a procedural default, the petitioner must show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Ineffective assistance of counsel may provide the necessary cause, but that failure must rise to the level of a constitutional violation, and such a claim of ineffective assistance must have been presented as an independent claim to the state courts. *See id.* The fundamental-miscarriage-of-justice exception is "a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *See Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (internal quotations and citation omitted). To establish such actual innocence, the petitioner "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *See House v. Bell*, 547 U.S. 518, 536-37 (2006) (internal quotations and citation omitted).

### III.    Claim One – Ineffective Assistance of Trial Counsel

For his first habeas claim, petitioner asserts that his trial counsel's performance was constitutionally deficient.  In his petition, petitioner identifies six different bases for his claim of ineffective assistance of trial counsel, three of which claims the KCOA rejected on their merits under the governing *Strickland* standard.  Applying the highly deferential standard of review discussed above, the Court concludes that petitioner has failed to establish that the KCOA acted unreasonably in rejecting these claims regarding his trial counsel.[1]

<u>First</u>, petitioner argues that trial counsel failed to review and properly employ surveillance videos of the scene of the shootings of which he was convicted, and failed to review those videos with him.  In *Bell II*, on appeal from the state district court's denial of petitioner's Section 1507 motion, the KCOA considered and rejected this claim.  *See Bell II*, 2015 WL 6832758, at *4.  The court concluded that petitioner had failed to show that counsel's performance was unreasonable in this regard, based on petitioner's concession that counsel had been provided with copies of the videos by the State; the lack of any authority supporting the argument that counsel was ineffective in failing to review the videos with him; and the evidence that revealed that petitioner had the opportunity to review the videos before trial.  *See id.*  In *Bell III*, the KCOA refused to revisit petitioner's claim that counsel had been ineffective by failing to utilize some of the video evidence, as

---

[1]  Petitioner has not argued that the KCOA improperly applied a standard other than the *Strickland* standard in considering petitioner's ineffective-assistance-of-counsel claims.

that issue had not been included within the mandate to the district court on remand (which was limited to the claim concerning testimony from three of petitioner's relatives). *See Bell III*, 2019 WL 1976954, at *6-7. Finally, in *Bell IV*, on appeal from the denial of petitioner's second Section 1507 motion, the KCOA addressed petitioner's arguments that the videos contradicted some witnesses' testimony and that in fact he had been unable to access and view the videos himself (although Section 1507 counsel was able to review the videos). *See Bell IV*, 2022 WL 17882344, at *5. The KCOA stated that the videos were not necessarily impeaching, as they did not actually show the shootings, and that petitioner was merely speculating about what had happened in gaps in the videos' coverage. *See id.* The KCOA further noted that the videos had been played for and considered by the jury, and it concluded that the videos did not constitute new exculpatory evidence that could justify a successive Section 1507 motion based on a claim of actual innocence. *See id.*

Thus, the KCOA considered and rejected the ineffective-assistance claim presented here, and petitioner has not persuaded the Court that the state court unreasonably rejected the claim. Petitioner again disputes the evidence that the videos were made available for his review at the time of trial, but it does not appear that he has provided his own evidence that he never actually reviewed any of that evidence. Moreover, the KCOA's conclusion that the videos were not sufficiently exculpatory was not unreasonable, particularly in light of the evidence that petitioner's counsel was able to access the videos before trial and for purposes of the Section 1507 motions. Most significantly, petitioner has not identified any particular portions of the videos that were not shown at trial while explaining how the outcome would have been different otherwise. Thus, petitioner has not shown that the

9

KCOA acted unreasonably in holding that petitioner failed to show deficient performance by his trial counsel in this respect; nor has petitioner established the requisite prejudice under the *Strickland* standard.

Second, petitioner claims that his trial counsel was ineffective by failing to employ a ballistics expert.  After the state district court rejected this claim raised in petitioner's first Section 1507 motion, the KCOA addressed the issue on appeal in *Bell II*.  *See* 2015 WL 6832758, at *9.  The KCOA held that the district court had properly denied the claim for three reasons:  (a) petitioner's counsel had elicited on cross-examination that the State's expert could not identify the shooter or the positions of the parties; (b) although petitioner argued that the testimony of one witness, who identified petitioner as the shooter, would have been impeached by such expert ballistics testimony from the defense, that witness did not in fact testify to the precise locations of the participants at the time of the shooting, and trial counsel had done "an excellent job of impeaching" that witness's testimony; and (c) Petitioner had not explained how an expert would have provided meaningful testimony.  *See id.*  For those reasons, the KCOA found that trial counsel's performance had not been deficient and that petitioner had failed to show prejudice from this alleged failure.  *See id.*  In *Bell IV*, in considering petitioner's actual-innocence argument and his request for discovery, the KCOA noted the petitioner had failed to explain how a proposed reconstruction of the crime scene by a ballistics expert "would demonstrate with any certainty that he was not the shooter."  *See Bell IV*, 2022 WL 17882344, at *8.

10

In his present petition, petitioner again argues that trial counsel was deficient in failing to obtain testimony from a ballistics expert.[2]  The Court denies this claim.  The KCOA effectively rejected this claim twice, and petitioner has not shown that that court's rulings were unreasonable under the deferential *Strickland* standard, particularly in light of trial counsel's ability to cross-examine the State's expert effectively and the failure to show prejudice.  Even in this proceeding, petitioner has failed to submit evidence concerning the opinions about which a ballistics expert would have testified at trial, and thus petitioner has not met his burden to show the necessary prejudice.

Third, petitioner again argues that trial counsel was ineffective in failing to have his sister, Rayshon Bell, testify at trial that petitioner was not the shooter.  Petitioner raised the same issue in his first Section 1507 motion, and after the district court denied the motion, the KCOA reversed and remanded the claim for an evidentiary hearing.  *See Bell II*, 2015 WL 6832758, at *4-6.  After the hearing, the district court again rejected the claim (and similar claims involving testimony by another sister and a cousin), and the KCOA also rejected the claim on appeal after a thorough analysis.  *See Bell III*, 2019 WL 1976954.  According to the KCOA, the conclusion that trial counsel's decision not to call Ms. Bell was a reasonable trial strategy was supported by substantial competent evidence, including the facts that Ms. Bell (and the other two relatives) had been in altercations with one of the victims and had refused to speak to police after the shooting, and her testimony would

---

[2]  It appears that petitioner now argues that such testimony would have impeached the testimony of Mr. Peters, one of the victims who identified petitioner as the shooter, but petitioner did not make that specific argument to the KCOA on appeal from the denial of his Section 1507 motion.

therefore have been highly scrutinized; and that her testimony (as given at the evidentiary hearing on the Section 1507 motion) actually contradicted not only the surveillance video evidence, but also the testimony of petitioner himself (at the same hearing) concerning petitioner's location at the scene, which discrepancies could have undermined petitioner's defense. *See id.* at *6.[3]  The KCOA repeated those points in *Bell IV*, in rejecting any argument that the three relatives' testimony established any doubt regarding petitioner's guilt. *See Bell IV*, 2022 WL 17882344, at *5-6.  In light of this evidence, including the significant credibility issues, the Court concludes that trial counsel's strategic decision not to offer testimony from Ms. Bell and the other relatives was eminently reasonable, as was the decision of the KCOA to reject this claim.  The Court therefore denies the claim as asserted in this proceeding.

The other three bases for petitioner's ineffective-assistance-of-trial-counsel claim were not presented to and addressed by the KCOA on their merits, and thus such claims have been procedurally defaulted.  The Court discusses each such basis in turn.

For his <u>fourth</u> claim, petitioner alleges that trial counsel failed adequately to investigate and secure evidence for trial regarding certain 911 calls and police reports that suggested that potential witnesses at a nearby motel had heard shouts from the scene of the shootings.  Petitioner raised this issue in his *pro se* amendments to his Section 1507 motion in the state district court, but the issue was not included in petitioner's direct appeal from

---

[3]  The KCOA also noted in its opinion that evidence at the hearing showed that Ms. Bell was in fact served with a subpoena and that Ms. Bell was in custody in another state during petitioner's trial. *See Bell II*, 2019 WL 1976954, at *3.

the district's court denial of the motion without an evidentiary hearing. In *Bell III*, on appeal from the denial of the Section 1507 motion after remand for an evidentiary hearing on particular issues, the KCOA noted that petitioner was attempting to raise this issue concerning these witnesses and the 911 recordings, but it declined to address the claim because it had not been included in the mandate on remand. *See Bell III*, 2019 WL 1976954, at *6-7. On appeal from the denial of his second Section 1507 motion, petitioner again raised the issue, arguing that this evidence supported petitioner's new theory that one of the victims, Maurice Peters, was actually the first shooter. In *Bell IV*, however, the KCOA ruled that this evidence was not new for purposes of showing actual innocence or allowing a successive Section 1507 motion, as testimony showed that petitioner had discussed the evidence with his trial counsel. *See Bell IV*, 2022 WL 17882344, at *6. The KCOA also concluded that, even if the evidence were considered new, it did not necessarily corroborate petitioner's new defense theory: the fact that people were shouting "Maurice" (as the new witnesses would have testified) would not prove or disprove that petitioner killed the other victim, as there was already ample evidence that Mr. Peters was one of multiple shooters at the scene. *See id.*

Because petitioner did not raise this claim directly with the KCOA when he had the opportunity to do so (in the appeal decided in *Bell II*), he is deemed to have abandoned the clam, which is therefore considered procedurally defaulted on habeas review. Petitioner has not met his burden to show cause and prejudice to excuse that default. Specifically, petitioner has not shown that his Section 1507 appellate counsel was constitutionally ineffective in failing to raise this issue properly before the KCOA. Petitioner did assert a

claim that that appellate counsel was ineffective, but the KCOA rejected the claim because petitioner had briefed the claim only cursorily, without explaining how or providing evidence to show that any abandoned issues would have succeeded on appeal. *See Bell IV*, 2022 WL 17882344, at *10. Nor has petitioner shown in this proceeding that this claim (concerning trial counsel's failure to pursue the evidence from the motel witnesses) would have succeeded before the KCOA, particularly in light of the KCOA's conclusion that the proposed testimony was not especially helpful.

Petitioner has also failed to satisfy the procedural-default exception for a case of new evidence showing actual innocence. In *Bell IV*, the KCOA reviewed many pieces of evidence proffered by petitioner, and it concluded that such evidence did not constitute new exculpatory evidence that established petitioner's innocence. *See id.* at *4-8. In arguing his actual innocence in this proceeding, petitioner relies on the same evidence, but the Court reaches the same conclusion reached by the state court, for the reasons discussed in the KCOA's thorough analysis. Because petitioner has not shown his actual innocence based on new evidence, his procedural default may not be excused, and this Court cannot review this claim, which is therefore denied.

Fifth, petitioner claims that his trial counsel was ineffective because he did not offer testimony by a witness, Denoveous Adams. In 2021, Mr. Adams stated in an affidavit that while he was in jail with William Banks, a witness who identified petitioner at trial as the shooter, Mr. Banks told him that petitioner had not in fact been involved. Petitioner did not raise this claim involving his trial counsel directly with the state courts. He did raise the issue of this new affidavit in arguing actual innocence to justify his successive Section

1507 motion, in which he claimed ineffective assistance of Section 1507 counsel, and the KCOA thus addressed the affidavit in *Bell IV*. *See id.* at *6-7. The KCOA concluded that the affidavit (along with a similar affidavit by another proposed witness) did not provide a colorable claim of innocence because Mr. Banks's testimony had been inconsistent and was equivocal at trial, and his "less than definite" identification of petitioner as the shooter had been questioned before the jury. *See id.*[4]

Accordingly, this claim – that trial counsel was ineffective in failing to obtain testimony from Mr. Adams – was procedurally defaulted in the state courts. Petitioner has not shown the necessary cause for that default, as he has not shown or argued that either counsel involved with his first Section 1507 motion was ineffective; nor has he shown the necessary prejudice, as he has not shown or argued that such a claim would have succeeded before the KCOA. Indeed, the KCOA's discussion of the issue in *Bell IV* belies any suggestion that it would have found trial counsel's performance deficient in this regard, or that it would have concluded that the outcome of the trial would have been different. Nor has petitioner shown that new evidence establishes his actual innocence. Accordingly, the Court may not review this defaulted claim, which is therefore denied.

<u>Sixth</u>, petitioner claims that trial counsel was ineffective in failing to obtain testimony from an expert concerning eyewitness identification. It appears that petitioner did raise this issue in his *pro se* amendments to his first Section 1507 motion, but the claim

---

[4] The KCOA noted that it had observed in *Bell II* that petitioner's trial counsel had done an excellent job of impeaching Mr. Banks's testimony. *See Bell IV*, 2022 WL 17882344, at *6 (quoting *Bell II*, 2015 WL 6832758, at *9).

was not asserted on appeal to the KCOA, and the claim was therefore procedurally defaulted. Petitioner has not shown that his Section 1507 appellate counsel was ineffective in failing to brief the issue to the KCOA, or that such an appeal would have been successful, and thus petitioner has not established cause and prejudice to excuse this default. Nor has petitioner shown that new evidence establishes his actual innocence, such that it would be a miscarriage of justice not to excuse the default, for the reasons discussed above. In addition, petitioner has not established the merits of this claim, as he has failed to provide evidence concerning the testimony that the proposed expert would have given. The Court therefore denies this claim.

## IV.    Claim Two – Communication with the Jury

By his second claim, petitioner alleges violations of his right to counsel under the Sixth Amendment to the United States Constitution and his right to be present at critical stages of the trial under the Sixth Amendment's Confrontation Clause and the Fourteenth Amendment's Due Process Clause. The claim is based on an *ex parte* communication in which the trial judge responded to a jury request for readbacks of certain witnesses' testimony. The KCOA rejected this claim on direct appeal. *See Bell I*, 2011 WL 3444200, at *5-13.

The KCOA related the following facts concerning this claim, based on the trial record. *See id.* at *5-8. During deliberations, the jury sent a note to the trial judge in which the jury requested readings of the testimony of William Banks, a witness to the shootings, and the testimony of two officers concerning their interviews with Mr. Banks. Upon

receiving this note, the judge did not convene a hearing in the presence of petitioner and his counsel, but instead contacted counsel for both sides by telephone (although the record did not reveal the content of those conversations). The judge then sent a note asking the jury to try to narrow down the requests to particular testimony. After the jury responded with another note (withdrawing the request for a readback of Mr. Banks's testimony and narrowing the other requests), the judge held a hearing in the presence of petitioner and his counsel. Petitioner's counsel objected to the judge's having responded to the first note outside of petitioner's presence, but the judge denied counsel's request for readbacks of the entirety of the three witnesses' testimony. Petitioner has not disputed these facts in his petition.[5]

The KCOA first addressed petitioner's claim of a denial of the right to counsel under the Sixth Amendment. *See id.* at *9. The Court noted that petitioner had not made such a claim in the trial court, and that therefore the issue was not properly before it. *See id.* The Court also concluded that petitioner had failed to provide a record sufficient to support the claim, with the result that there were no facts concerning the extent to which the judge consulted counsel on the telephone before responding to the first note or concerning whether counsel spoke to petitioner at that time. *See id.* Finally, the Court noted that claims based on *ex parte* communications between judge and jury are typically addressed under the Confrontation Clause and due process, and that it would not presume prejudice under the Supreme Court's *Cronic* case because petitioner had failed to cite any cases

---

[5] Petitioner briefed this claim in his petition, but he does not appear to have addressed the claim in his traverse.

showing that such communications constitute a deprivation of counsel. *See id.* (citing cases).

The Court rejects this claim asserted in the petition. First, petitioner has not addressed the failure to raise the issue initially in the trial court as required. Petitioner has not shown cause for that failure. He may not rely on ineffective assistance of trial counsel, as he failed to argue that trial counsel was deficient in this regard when he litigated his ineffective-assistance claim in the Section 1507 proceedings in the state courts. Nor could petitioner show the necessary prejudice from this alleged constitutional violation, as this claim fails on the merits as well, as discussed below. Finally, as discussed above, petitioner has not established his actual innocence in this case.

Second, petitioner has not shown that the KCOA's decision on the merits of the claim was unreasonable. That court reasonably held that petitioner had not shown that counsel was not in fact involved in the judge's decision regarding the response to the jury, or that counsel did not consult with petitioner at that time; indeed, as mentioned, petitioner has not offered any additional facts on those matters. Petitioner argues conclusorily that the record on appeal was not insufficient in light of the transcripts that the KCOA had before it, but he has not cited to any particular evidence in that record. The KCOA also reasonably noted that petitioner had not cited any authority supporting a violation of the right to counsel in that context, and petitioner has not cited any such authority to this Court. Petitioner does appear to take issue with the KCOA's refusal to presume prejudice under *Cronic*, but he has not explained how that case is directly applicable here; thus, petitioner has not shown that the KCOA's decision not to presume prejudice was contrary to clearly

established Supreme Court precedent.  As the KCOA noted, this situation is typically addressed as a violation of a defendant's right to be present during critical stages of the proceedings.  *See Bell I*, 2011 WL 3444200, at *10 (citing, *inter alia*, *United States v. Gomez*, 67 F.3d 1515, 1528 (10th Cir. 1995)); *see also, e.g.*, *Rogers v. United States*, 422 U.S. 35, 40 (1975) (noting, in a case involving a judge's communication with the jury without consulting the defendant or counsel, that the violation of the right to be present may constitute harmless error), *cited in United States v. Gomez*, 67 F.3d at 1528.

The Court also denies petitioner's claim for relief based on a violation of his right to be present at critical stages of the trial.  The KCOA ruled that the trial judge's communication with the jury outside the presence of petitioner did constitute a violation. *See Bell I*, 2011 WL 3444200, at *10-11.  It rejected the argument for a new trial, however, after concluding that that error was harmless beyond a reasonable doubt.  *See id.* at *12-13.  Petitioner has not disputed that that standard applies in this situation involving a communication with the jury outside the presence of the defendant.  *See Gomez*, 67 F.3d at 1528 (applying the harmless-error-beyond-a-reasonable-doubt standard from *Chapman v. California*, 386 U.S. 18, 24 (1967)).  Rather, petitioner argues that the KCOA unreasonably applied the standard in his case.  The KCOA concluded that it could not fairly appraise the strength of the prosecution's case against petitioner – one of the factors it was considering in undertaking the harmless-error analysis – because numerous exhibits from the trial had not been designated as part of the record on appeal.  *See Bell I*, 2011 WL 3444200, at *11.  Petitioner argues that the record was sufficient to show that the prosecution's case against him was weak.  Petitioner has not addressed the considerations

on which the KCOA relied in finding harmless error, however.  Specifically, the KCOA pointed to the facts that the judge's communication did not discuss the substance of any evidence, as the judge merely asked for the requests for readbacks to be narrowed; the communication was not suggestive, but was deferential, asking the jury to attempt to narrow the requests without foreclosing the possibility of readbacks as originally requested; the judge mitigated the error by conducting a hearing with petitioner and counsel before any readbacks were provided; the judge further mitigated the error by addressing counsel's concern, as the judge sought assurance from the jury foreperson that the communication had not discouraged any requests for readbacks; and the presence of counsel and petitioner at the time of the original communication would not have affected the judge's unwillingness to provide complete readbacks of the entirety of the three witnesses' testimony.  *See id.* at *12-13.  Petitioner has not explained how the violation – the judge's sending this particular note to the jury outside petitioner's presence – had any effect on the subsequent readbacks or any other aspect of the trial.  Thus, petitioner has not shown that the KCOA acted unreasonably in concluding that the error was harmless beyond a reasonable doubt.

## V.    **Claim Three – Ineffective Assistance of Appellate Counsel**

For his third claim, petitioner contends that his appellate counsel's performance was constitutionally deficient.  Specifically, petitioner takes issue with appellate counsel's designation of the record on appeal, including her failure to include certain video

recordings.[6]  In his first unsuccessful Section 1507 motion in the state district court, petitioner asserted such a claim of ineffective assistance of appellate counsel; but the KCOA deemed the claim to have been waived and abandoned because it had not been briefed on appeal.  *See Bell II*, 2015 WL 6832758, at \*2.

In support of this claim, petitioner argues only that it would be unfair if meritorious issues were not considered by the KCOA in his direct appeal because appellate counsel failed to designate and provide an adequate record.  He has not addressed, however, the procedural default of this claim regarding appellate counsel, whereby the KCOA denied the claim because it had not been briefed to it on appeal.  As discussed above, petitioner is required to show cause and prejudice or a fundamental miscarriage of justice to overcome that procedural default, but he has shown neither.  Petitioner has not suggested any reason why the claim was not raised on appeal from the denial of his first Section 1507 motion.  Even if one were to assume that petitioner might argue that his Section 1507 appellate counsel was deficient in failing to brief this claim on appeal (as he argued in his second Section 1507 motion), petitioner has not shown that the KCOA acted unreasonably in rejecting that same claim on appeal.  *See Bell IV*, 2022 WL 17882234, at \*10.  Nor has petitioner established the necessary prejudice, as he has failed to offer any argument why this claim would have succeeded before the KCOA.  *See id.* (petitioner did not demonstrate prejudice from this alleged deficiency).  Nor, as discussed above, has petitioner succeeded

---

[6] Petitioner does not appear to have addressed this claim in his traverse.

in showing actual innocence, such that a miscarriage of justice would result if this claim were not considered.

In addition, even setting aside the procedural default, petitioner has not shown that this claim of ineffective assistance of appellate counsel has substantive merit, as he has not explained how he would have prevailed on any particular issue on direct appeal had appellate counsel provided a fuller record. In affirming petitioner's convictions on direct appeal, the KCOA concluded that the record was not sufficient with respect to three issues. In the first instance, in addressing the trial court's exclusion of evidence regarding certain recorded telephone calls, the KCOA noted that the recordings were not added to the record on appeal, and it stated that because petitioner had failed to satisfy his burden to provide a sufficient record on appeal, the claim of error failed. *See Bell I*, 2011 WL 3444200, at *2. That claim failed for other reasons as well, however: the claim was not properly reserved for appellate review because the recordings had not been proffered to the trial court and no objection had been raised to the exclusion; and the claim failed on its merits at any rate. *See id.* at *2-3. Thus petitioner has not shown that he would have prevailed on this issue had a better record been supplied on appeal.

In the second instance, the KCOA stated that it could not properly analyze the strength of the prosecution's case against petitioner, in considering that factor with respect to the issue of the trial court's *ex parte* communication with the jury, because petitioner had not included all of the trial exhibits in the record on appeal. *See id.* *11. As noted above, however, this appellate issue turned on the lack of any prejudice resulting from the violation of petitioner's right to be present during the communication with the jury. Thus,

there is no basis to conclude that a different designation of the record on appeal would have caused a different outcome with respect to that claim.

The third instance occurred in the context of the KCOA's consideration of petitioner's claim on direct appeal that the trial judge had improperly persuaded him from testifying in his own defense. The court rejected the claim in part because the record did not reveal why petitioner decided not to testify, and thus petitioner had failed to satisfy his burden to provide an adequate record on appeal. *See id.* at *15. Again, however, the KCOA rejected the claim for other reasons as well: there had been no objection at trial, and therefore the issue was not properly raised for the first time on appeal; and the claim lacked substantive merit. *See id.* at *15-16. In this action, petitioner has not addressed this claim at all, and thus he has not provided this Court with the information omitted from the appellate record (namely, why he chose not to testify). Therefore, petitioner has not shown prejudice from any failure to designate a different record with respect to this appellate issue.

Petitioner has not shown either that appellate counsel's performance was constitutionally deficient with respect to the designation of the appellate record or that prejudice resulted (or that the KCOA acted unreasonably in reaching the same conclusions). Nor has petitioner attempted to overcome the procedural default of this claim in the state courts. Accordingly, the Court denies this claim for habeas relief.

## VI.    Claim Six – Cumulative Error

Finally, in his sixth claim, petitioner contends that cumulative errors, including ineffective assistance of counsel, denied him a fair trial. "In the federal habeas context, the only otherwise harmless errors that can be aggregated are federal constitutional errors, and such errors will suffice to permit relief under cumulative error doctrine only when the constitutional errors committed in the state court trial so fatally infected the trial that they violated the trial's fundamental fairness." *See Littlejohn v. Trammell*, 704 F.3d 817, 868 (10th Cir. 2013) (internal quotations and citations omitted). As discussed above, the KCOA reasonably concluded that the trial judge had committed an error in communicating with the jury outside petitioner's presence but that such error was harmless beyond a reasonable doubt. Petitioner has not identified any other trial error (other than ineffective assistance of counsel); nor has petitioner argued or shown that the KCOA acted unreasonably in rejecting a cumulative-error claim on direct appeal. *See Bell I*, 2011 WL 3444200, at *20. In addition, as discussed above, petitioner has not shown that trial counsel's performance was constitutionally deficient. Because petitioner has not shown at least two errors, a cumulative-error analysis is not warranted upon habeas review. *See Hanson v. Sherrod*, 797 F.3d 810, 853 (10th Cir. 2015). The Court therefore denies this claim.

## VII.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[7] To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because it is clear that petitioner is not entitled to relief on the claims denied in this case, the Court denies a certificate of appealability in this case with respect to those claims.

IT IS THEREFORE ORDERED BY THE COURT THAT that the petition for habeas corpus pursuant to 28 U.S.C. § 2254 is hereby **denied**.

IT IS SO ORDERED.

Dated this 12th day of March, 2025, in Kansas City, Kansas.

/s/   John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[7] 1The denial of a Section 2254 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).